IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ronald Davenport, | : | |
| Petitioner | : | Case No. 2:06-cv-00766 |
| v. | : | Judge Watson |
| Warden, Noble Correctional Institution, | : | Magistrate Judge Abel |
| Respondent | : | |

## Report and Recommendation

Petitioner Davenport, a prisoner at the Noble Correctional Institution, brings this action for writ of habeas corpus under 28 U.S.C. §2254. This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2254 Cases in United States District Courts.

The petition alleges that on March 3, 1998, petitioner Davenport was convicted on three counts of rape in the Court of Common Pleas for Montgomery County, Ohio. He was sentenced to a term of 18 years in prison.

The petition alleges that petitioner filed a notice of appeal. On January 8, 1999, the Ohio Court of Appeals for the Second Appellate District issued a decision reversing and remanding for resentencing. The petition alleges that the Court of Appeals's decision was ignored. The petition does not allege any further appeal by petitioner.

In 2006, petitioner filed a motion for leave to reopen his direct appeal. On April 6, 2006, the Ohio Court of Appeals for the Second Appellate District issued a decision denying the motion. The petition does not allege that Davenport appealed that decision.

Petitioner alleges that he is in custody in violation of the United States Constitution because:

    A.    Conviction obtained by false testimony.

    B.    Denial of appeal as of right.

    C.    Ineffective counsel.

    D.    Multiple punishment and cruel and unusual punishment.

The petition for writ of habeas corpus herein was filed September 7, 2006. Under the provisions of 28 U.S.C. §2244(d)(1), there is a one-year period of limitation for persons filing a federal petition for writ of habeas corpus. The limitation period begins to run from the date the judgment became final by the conclusion of direct review. 28 U.S.C. §2244(d)(1)(A). Petitioner was convicted March 3, 1998. His conviction became final in 1999. His time to file a federal habeas corpus petition expired during 2000. Consequently, the petition is barred by the one year statute of limitations created by 28 U.S.C. §2244(d)(1).

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED for failure to file the petition within the one-year period of limitation created by 28 U.S.C. §2244(d)(1).

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail or email a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay Street 16th Floor, 43215.

s/Mark R. Abel  
United States Magistrate Judge